## ARTCHER vs. DOUGLASS and WICKOFF.

Where two persons executed a bond to the sheriff, conditioned to indemnify him against the consequences of having seized certain property on an attachment issued against C. on the application of V.; *held,* in an action by the sheriff on the bond, that it was competent for the defendants to prove that they executed it as sureties for and at the request of V., in order to let in a defence arising out of their situation as sureties, *e. g.* that the plaintiff had settled with and released the principal.

MOTION to set aside the report of a referee. The action was debt on a joint bond of the defendants executed on the 24th of August, 1839, to the plaintiff as sheriff of the county of Albany, in the penal sum of $7000. It was conditioned to be void if the defendants should well and truly indemnify and save harmless the plaintiff, his representatives, &c. " of and from all damages, costs and charges which he has or may hereafter be subjected or put to, by reason of having taken certain goods, wares and merchandises, in the month of July last, under and by virtue of an attachment issued against John H. Corl," by R. J. Hilton, judge, &c.

The declaration set out the condition of the bond, and stated the recovery of three several judgments against the plaintiff and one Van Vliet, by different parties, amounting in the aggregate to between six and seven thousand dollars, for the taking of the goods mentioned in the bond, and that the plaintiff had expended large sums in defending the suits in which the judgments were recovered. Breaches were assigned for the non-payment of the judgments and of the money expended in the defence of the suits. Plea, *non est factum,* with notice of the special matter afterwards proved and offered to be proved in the defence.

On the trial before the referee the execution of the bond was proved, together with the commencement of the suits mentioned in the declaration. The plaintiff also proved the recovery of the three judgments against himself and Van Vliet, and that the cause of action in each was the taking of the goods

on the attachment mentioned in the bond. That attachment was shown to have been issued on the application of Van Vliet. It appeared that the first of these judgments was in favor of Brown & Lang, and was docketed on the 4th day of July, 1842, for $2495,26; that a small sum was collected thereon by the sale of Van Vliet's property, and that on the 16th of June, 1843, he was committed to jail on a *ca. sa.* issued on the judgment. On that day a stipulation was entered into by the plaintiffs' attorneys in the three causes, by which they were discontinued, the parties in interest, as was stated, having settled. On the same day the plaintiff in the present suit executed to Van Vliet an instrument under his hand and seal, stating that in consideration of the sum of $2000, secured to be paid to him by Van Vliet, he had released and thereby did release and discharge him of and from all claim and demand of every name and kind which he had or could have against him for or on account of the damages and costs in the said three causes; and he thereby agreed to indemnify Van Vliet from the payment of any further sum on account thereof, to the plaintiffs therein, or to the plaintiff in this suit. On the execution of this instrument the plaintiff received money and securities payable on time, to the amount of $2000, from Van Vliet. The plaintiff, as was shown, had paid the judgment in favor of Brown & Lang, except what had been collected by the sale of Van Vliet's property.

The defendants, in order to show that they were discharged by the plaintiff's transaction with Van Vliet, offered to prove that the bond on which the suit was brought was executed by them *at the request of Van Vliet and as his sureties.* This evidence was objected to by the plaintiff's counsel and excluded by the referee. Ultimately the referee made a report in favor of the plaintiff for $4287,83.

*E. L. Fancher*, for the defendants, argued that the referee erred in excluding the evidence offered to show that the defendants were sureties of Van Vliet. Such evidence, if received, taken in connection with that already given, would have established a perfect defence. It would have been the plain case of

Artcher *v.* Douglass.

a creditor settling with his principal debtor and then under-
taking to maintain an action against the sureties of such debtor.

*N. Hill, Jr.* for the plaintiff. On the face of the bond there
was nothing to show that the defendants stood in the rela-
tion of sureties for Van Vliet. The latter was not bound to
the plaintiff, or under any obligation to indemnify him. The
fair interpretation of the bond is that the defendants, to subserve
some interest of their own, were desirous to have Van Vliet
proceed with the attachment, and for that purpose indemnified
the sheriff. The bond therefore imports that the defendants
were principals. (*Sprigg* v. *The Bank of Mount Pleasant*,
10 *Pet.* 266 ; *Rees* v. *Barrington*, 2 *Ves. jun.* 542.) If the
alleged relation of principal and surety did not exist, as it
respects the plaintiff, the defendants could not be discharged
by any course of dealing between the plaintiff and Van Vliet,
even if that relation did exist as between Van Vliet and the de-
fendants. (*Lenox* v. *Prout*, 3 *Wheat.* 520; *La Farge* v.
*Herter*, 3 *Denio*, 157 ; 2 *McLean's Rep.* 44.) The evidence
offered to show that the defendants were sureties was incompe-
tent. The offer was not to prove that as between the plaintiff
and defendants the latter were sureties for Van Vliet, but only
that as between themselves and Van Vliet that relation existed,
without a suggestion that the plaintiff knew it. But the
evidence tended to vary the legal effect of the bond, which
imports that the defendants were principal obligors to the
plaintiff. (*Lenox* v. *Prout, supra.*)

*By the Court*, BEARDSLEY, Ch. J. This action is founded
on an obligation under seal, by which the defendants became
bound to indemnify and save harmless the plaintiff, of and from
all damages, costs and charges, which he had been or might
be subjected or put to, by reason of having taken certain goods,
wares and merchandises, under and by virtue of an attachment
issued against one Corl. There is nothing on the face of the
obligation to show that the persons bound were sureties for any
one, and the only question which presents any difficulty is, can

they be allowed, *at law*, to prove that they executed the bond as sureties for Van Vliet, and thus let in a defence growing out of that relation. If such a defence is admissible, the referee erred, for he rejected evidence which was offered to establish it.

The arrangement of the 16th of June, 1843, amounted to an accord and satisfaction of all claim to indemnity which the plaintiff had against Van Vliet, in addition to which a formal release of that claim was executed. If the defendants were sureties for Van Vliet, as was offered to be proved, he being bound to indemnify the plaintiff, the arrangement and release extinguished the liability of Van Vliet, and with it the accessory obligation of the defendants as his sureties. (*Theob. Pr. and Surety*, 3, 114, 115; *Lewis* v. *Jones*, 4 *B. & C.* 506; *Hankshaw* v. *Parkins*, 2 *Swanst.* 539.)

There can be no doubt whatever that the arrangement and release constitute a perfect defence to the action if the defendants are permitted to show that they were sureties for Van Vliet. Their liability, however, was created by an obligation which does not disclose the fact that they were sureties, and the objection made is, that in such case the law will not permit them to allege and prove, by parol evidence, that they were sureties. This is urged on the ground that where both principal and surety unite in a joint obligation or agreement, which is silent as to the character of the parties, the surety cannot be allowed to show, at law, that he executed the obligation or entered into the agreement in that character. It must be admitted there are some authorities which countenance this position, and that, whether the obligation be created by a contract under seal or without a seal. (*Pitm. on Pr. and Surety*, 183, 4; *The People* v. *Jansen*, 7 *John.* 337; *Rees* v. *Barrington*, 2 *Ves. jr.* 542; *Hunt* v. *The U. S.*, 1 *Gal.* 33; *Sprigg* v. *The Bank of Mount Pleasant*, 10 *Pet.* 266; *Same* v. *Same*, 14 *id.* 201; *Ashbe* v. *Pidduck*, 1 *M. & W.* 564; *Pease* v. *Hirst*, 10 *Barn. & Cress.* 122; *Price* v. *Edmonds*, *id.* 578.) But the authorities on this point are not harmonious, for there are several cases in which a defendant, sued with others on a joint contract, was allowed to show by parol evi-

Artcher *v.* Douglass.

dence that he was surety for a co-defendant, and thus let in a defence founded on that relation. (*Pain* v. *Packard*, 13 *John.* 174; *see also* 17 *id.* 394; 21 *Wend.* 502; *Pitm. on Surety*, 183, (6); *Hall* v. *Wilcox*, 1 *M. & Rob.* 58; *Adams* v. *Gregg*, 2 *Stark.* 531; *Thompson* v. *Clubley*, 1 *M. & W.* 212; *Chit on Bills, ed. of* 1839, *pp.* 563, 449.)

The reason for the rule excluding such evidence at law, when it is conceded to be admissible in equity, is hardly to be gathered from the books, and perhaps there is none better than the one glanced at in *Baker* v. *Briggs*, (8 *Pick.* 128,) that the surety having bound himself by a joint contract with his principal, shall not be allowed to set up a defence, peculiar to himself as surety, and which, in its nature, is wholly unavailable to the principal in the contract.

We shall not enter into these vexed questions, for they are not involved in the case before us. Here the principal was not a party to the obligation on which this action was brought, both the obligors, as was offered to be proved, being sureties, and the defence if available to one is equally so to both the defendants. This case, therefore, is not within the reason of the rule which is given by the court in *Baker* v. *Briggs*. No doubt the accord and satisfaction, agreed to and accepted by the plaintiff, and the release executed by him, constitute a valid bar to any action on this bond, if the obligors were sureties for Van Vliet. That they were such might be shown in a court of equity, as all the authorities agree; and if the fact had appeared in the obligation, it is equally well settled that the defence would be available at law. The fact, when ascertained, if sufficient in equity, is equally valid as a legal defence. The doubt is as to the reception of parol evidence to prove the fact in a court of law. Perhaps that would not be allowed in an action on a joint obligation by the principal and his sureties. But I can discover no reason why it may not be done in this case, the principal not being a party to the obligation given by the defendants. I confine myself strictly to the case before us, which is not on a joint contract by principal and sureties, but one ex-

ecuted by the sureties alone.  In such a case if the defence set up could be made any where, as it clearly could in a court of equity, it seems to me there is no solid objection to its admission in a court of law.

I think the referee erred, and the report should be set aside.

Motion granted.