Ward *v.* Stout et al.

| 32 | 399 |
| 31a | 362 |
| 32 | 399 |
| 67a | 148 |
| 32 | 399 |
| 78a | 204 |
| 78a | 204 |
| 32 | 399 |
| 178 | 245 |
| 32 | 399 |
| 102a | ⁴273 |
| 102a | ⁵273 |
| 32 | 399 |
| 202 | ⁴360 |
| 32 | 399 |
| 213 | ¹⁵ 72 |

## DANIEL WARD

*v.*

## JOSEPH STOUT *et al.*

1. PLEADING — *demurrer carried back to the first fault in the pleadings.* A demurrer to any of the pleadings in a cause, brings up the sufficiency of the pleadings which precede the demurrer, for the court will not give the party a judgment who was the first to commit an error.

2. Thus, a demurrer to a plea will be sustained to the declaration, if defective; and if to a replication, it will be sustained to the plea, if that be defective, and so on, through the whole field of pleading.

3. SAME — *exception to the rule.* Where, however, the general issue has been pleaded and special pleas also, a demurrer to a special plea will not be carried back to the declaration.

Ward *v.* Stout et al.

4. PAROL EVIDENCE — *to establish securityship.* Where a security upon a promissory note seeks to avail himself of a failure on the part of the payee to institute suit upon the note, after notice given for that purpose, according to the provisions of the first section of chapter ninety-seven, Revised Statutes, entitled "Securities," he may establish the fact of his securityship by parol evidence.

5. So, where the security relies upon an extension of time for payment, to the principal debtor, beyond the maturity of the note, without the knowledge and consent of the surety, as operating to release him from liability, the same character of evidence is admissible to prove the fact that he signed the note as surety only.

6. PRESUMPTION — *as between payee and makers of a note.* Where the note remains in the hands of the payee, he is presumed to know the relation the other parties to the note sustain to each other, as that one of the makers signed the note as surety only.

7. PAROL EVIDENCE — *varying contract by parol.* To allow proof of the fact of suretyship by parol evidence, does no violence to the rule that a written instrument cannot be varied by parol, for it does not affect the terms of the contract, but establishes a collateral fact merely, and rebuts a presumption.

8. RIGHT OF SURETY *on a note to require payee to sue* — *prerequisites thereto.* So it seems, it is not essential to the right of the surety on a promissory note to give notice to the holder, under the provisions of the act above cited, to institute suit thereon, that the fact of his securityship should appear on the face of the note.

9. NOTICE BY SURETY *to payee to sue, must be in writing.* Where a security seeks to compel the payee of a note to institute proceedings for its collection, under the provisions of that act, he must give notice to the payee for that purpose, *in writing.*

10. PLEADING — *averment as to such notice.* And a plea by the surety, alleging a failure on the part of the payee to sue in such case, should aver that the notice was in writing, or it will be bad on demurrer.

11. SURETY — RELEASE — *extension of time to principal.* When the payee of a note gives time or forbearance to the principal debtor, by a promise binding in law, without the knowledge and consent of the surety, the latter is released.

12. PLEADING — *judgment in chief on demurrer to plea.* When the defendant's plea goes to bar the action, if the plaintiff demurs to it, and the demurrer is determined in favor of the plea, judgment of *nil capiat* should be entered, notwithstanding there may be also one or more issues of fact; for the reason, that upon the whole, it appears the plaintiff had no cause of action.

13. SAME — *on demurrer to defective replication.* A demurrer sustained to a defective replication to such plea, will have the same effect, as regards the character of judgment to be entered, as though the demurrer had been interposed to the plea itself, and overruled.

14. In either case, whether a demurrer to the plea itself be overruled, or a demurrer to a defective replication be sustained, which tests the validity of the plea to the same extent — the effect is the same as if an issue of fact had been made

upon the plea, and that issue had been found for the defendant, which, if so found, must necessarily put an end to the plaintiff's action.

15. So where there are two pleas, and replications to both, to which demurrers are interposed, if the replications are defective, and one of the pleas be good, and goes in bar of the action, the plaintiff standing by his defective replication, judgment in chief will go for the defendant, although the other plea be bad; for one party cannot have a judgment upon the law, and the other upon the facts.

WRIT OF ERROR to the Circuit Court of the county of La Salle; the Hon. MADISON E. HOLLISTER, Judge, presiding.

On the 17th day of December, 1860, Daniel Ward instituted his action of assumpsit in the court below, against Samuel A. Summers and Joseph Stout, upon the following promissory note:

$300.                                    MARSEILLES, *Nov. 25th,* 1857.

For value received, we, or either of us, promise to pay Daniel Ward, or bearer, three hundred dollars, six months from date, for money loaned.

S. A. SUMMERS,
JO. STOUT.

Stout interposed defenses personal to himself, alleging that he executed the note as surety only, and that Summers was the principal maker. The pleadings upon which the questions decided arise, are fully set forth in the opinion of the court.

Messrs. GRAY, AVERY, and BUSHNELL, for the plaintiff in error.

Mr. LEWIS UMLAUF, for the defendant in error, in presenting the question whether it is essential to the right of a surety upon a promissory note to give notice to the holder to institute suit thereon for its collection, under the provisions of the first section of chapter ninety seven, Revised Statutes, entitled " Securities," that he should appear on the face of the note to have executed it in that character, referred to the case of *Payne* v. *Webster*, 19 Ill. 104, and sought to draw a distinction between that case and this.

The counsel insisted the general rule to be, that a surety can establish the fact of his suretyship by parol evidence, and that

it is not essential to the existence of rights peculiarly belonging to a surety that he should appear to be such on the face of the instrument. But *Payne* v. *Webster* was an exceptional case, because there the plaintiff was an innocent purchaser of the note sued upon, while in this case the note remained in the hands of the original payee of the note, and would be presumed to know the relation the makers held to each other.

Mr. Justice Breese delivered the opinion of the Court:

This record presents a single question of pleading and one of easy solution. The action was assumpsit on a promissory note, and in order that the points may be clearly seen, we insert the pleas, as amended by leave of the court. They are as follows:

By leave of court, and the said Joseph Stout, the said defendant, by Lewis Umlauf, his attorney, comes and defends the wrong and injury when, etc., and says *actio non*, because he says that the consideration of said promissory note in said plaintiff's declaration mentioned, to wit: the sum of three hundred dollars, was money loaned, to wit: at the said county of La Salle, by said plaintiff to said Samuel A. Summers, the joint and several maker with said defendant of the promissory note aforesaid; that no part of the consideration of said note, to wit: the sum aforesaid, came to or was received by said defendant, but that the whole consideration thereof, to wit: the sum aforesaid, came to and was received by said Samuel A. Summers, was principal debtor in said note, and that said defendant signed and became party to said note as security for said Samuel A. Summers; that said defendant became bound in said note as security for the payment of the money therein expressed, and not otherwise. And the said defendant distinctly avers that, at the time of the execution and delivery and before the delivery of said note to said plaintiff, to wit: on the 25th day of November, A. D. 1857, and to wit: at the county aforesaid, said plaintiff then and there knew all the aforesaid facts so to be. And said defendant says that shortly after the maturity of said note, to wit: on the 25th day of May, A. D. 1858, and to wit: at

Ward *v.* Stout et al.

the county aforesaid, said defendant notified and requested said plaintiff to forthwith proceed and collect his said indebtedness, to wit: the sum of three hundred dollars, from said Samuel A. Summers; that said plaintiff, contrary to said defendant's said notice and request, forebore and grossly neglected, and wholly refused, to collect from said Samuel A. Summers the said sum of money, to wit: the sum of three hundred dollars, which sum of money last aforesaid was the amount due to said plaintiff upon the promise and undertaking in said promissory note expressed. And said defendant says that a long time after the said notice and request by said defendant to said plaintiff, to wit, in the month of May, A. D. 1860, being before the commencement of this suit, said Samuel A. Summers, to wit: at the county aforesaid, became insolvent and unable to pay and discharge his said debt in said promissory note expressed, to wit: the sum of three hundred dollars, or any part thereof. Said defendant avers that sufficient and ample time elapsed from the giving the notice and making the request aforesaid by said defendant to said plaintiff, to wit: from the 25th day of May, A. D. 1858, until the said insolvency of the said Samuel A. Summers, to wit: in the month of May, A. D. 1860, for said plaintiff to have (to have) collected and made his claim, to wit: the amount promised in said note, from said Samuel A. Summers. And said defendant says, that during the whole period of said time, that is to say, from the maturity of said note, and from the giving the notice and making the request to collect as aforesaid, until the said insolvency of the said Samuel A. Summers, the said Samuel A. Summers was in good circumstances, and was well able to have paid his said indebtedness to said plaintiff; and that said plaintiff, during time last aforesaid, to wit: from the 25th day of May, A. D. 1858, until the month of May, A. D. 1860, could have collected and made good the said indebtedness to him from the said Samuel A. Summers, if the said plaintiff had used and exercised ordinary care and diligence in the collection of his said indebtedness from said Samuel A. Summers. But the said plaintiff, heedless and unmindful of the aforesaid notice and request, given and made

to him by said defendant, as aforesaid, grossly neglected and wholly refused thereupon, and *ab injuria sua*, to collect and recover his said indebtedness from the said Samuel A. Summers. By reason and in consequence of said plaintiff's said gross negligence, laches, and refusal to collect his said indebtedness from said Samuel A. Summers, after the said notice and request by said defendant to said plaintiff; and by reason and in consequence of the said subsequent insolvency of the said Samuel A. Summers, said defendant has lost and has been deprived of any and every indemnity which otherwise he might and should have obtained and procured from the said Samuel A. Summers, to secure and indemnify said defendant from all harm in the premises, to the great loss, damage and injury of him, the said defendant, if the said plaintiff should maintain his aforesaid action thereof against him, the said defendant. And this the said defendant is ready to verify; wherefore he prays judgment if the said plaintiff ought to have or maintain his aforesaid action thereof against him, etc.

And for a further plea in this behalf, the said defendant says *actio non*, because he says that the consideration of said promissory note mentioned in said plaintiff's declaration, was the sum of three hundred dollars, of money loaned by said plaintiff to said Samuel A. Summers, the joint and several maker with said defendant of said promissory note; that no part of said consideration, to wit: the sum aforesaid, came to or was received by said defendant, but that the whole consideration of said note, to wit: the sum aforesaid, came to and was received by said Samuel A. Summers; that said Samuel A. Summers was principal debtor in said note; that said defendant signed and became party to said note as security for said Samuel A. Summers, and that said defendant became bound as security in said note for the payment of the money therein expressed, and not otherwise. Said defendant avers that, at the time of the execution and delivery of said note, to wit: on the 25th day of November, A. D. 1857, to said plaintiff, and to wit: at the said county of La Salle, said plaintiff then and there knew all the aforesaid facts so to be. And said defendant says, that shortly

after the maturity of said note, to wit: on the 25th day of May, A. D. 1858, and to wit: at the county aforesaid, said plaintiff, for a valuable and binding consideration, to wit: for the sum of thirty-six dollars, to him then and there in advance in hand paid by the said Samuel A. Summers, the said plaintiff, for the consideration aforesaid, to wit: for the sum of thirty-six dollars, specially contracted and agreed then and there with (the) said Samuel A. Summers, to postpone and extend the time for the payment of said note; and that said plaintiff then and there, after the maturity of said note for the consideration aforesaid, to wit: for the sum of thirty-six dollars, to him in advance paid by said Samuel A. Summers, actually did postpone and extend the time, to wit: for the space of six months, until the 25th day of November, A. D. 1858, for the payment of said promissory note to said Samuel A. Summers, without the knowledge and consent of said defendant; and said defendant says that afterward, to wit: on the 25th day of November, A. D. 1858, to wit: at the county aforesaid, said plaintiff, without the knowledge or consent of said defendant, did, for a second time, then and there specially contract and agree with said Samuel A. Summers, and said plaintiff did then and there extend to said Samuel A. Summers, and without the knowledge and consent of said defendant, for a valuable consideration, to wit: for the further sum of thirty-six dollars, to him paid by said Samuel A. Summers, the time for the payment of said promissory note, to wit: from the 25th day of November, A. D. 1858, until the 25th day of May, A.D., 1859. And said defendant says that afterward, and at another time, to wit: on the 25th day of May, 1859, and to wit: at said county, said plaintiff then and there, without the knowledge and consent of said defendant, specially contracted and agreed to, and actually did postpone and extend the time for the payment and collection of his said indebtedness from said Samuel A. Summers, to and with said Samuel A. Summers, for a further and longer time, to wit: from the 25th day of May, A. D. 1859, until the 25th day of November, A. D. 1859, for another and further valuable consideration, to wit: for the sum of thirty-six dollars. And

this the said defendant is ready to verify, wherefore he prays judgment if the said plaintiff ought to have or maintain his aforesaid action thereof against him, etc.

And for a further plea in this behalf, to all of the cause of action in said declaration mentioned, except the sum, to wit: three hundred dollars, defendant says *actio non*, because he says that the said cause of action in said declaration is the said promissory note in said declaration described. And defendant avers that at the time of the execution of said note, to wit: on the 25th day of November, A. D. 1857, to wit: at the said county of La Salle, said Samuel A. Summers, the joint and several maker of said promissory note, with said defendant, applied to plaintiff to borrow from plaintiff the sum of three hundred dollars, and it was then and there corruptly and unlawfully, and in violation of the interest laws of the State of Illinois, agreed by and between said plaintiff and said Samuel A. Summers, that said plaintiff should loan to said Samuel A. Summers the sum of three hundred dollars, for the space of six months, and that said Samuel A. Summers should pay to said plaintiff for the loan and forbearance of said sum of three hundred dollars, for said six months, the sum of thirty-six dollars, being at the rate of twenty-five per cent. per annum interest on said three hundred dollars, said interest to be payable at the expiration of the said six months. And defendant further avers, that in pursuance of said corrupt and unlawful agreement, the said plaintiff then and there loaned and advanced to said Samuel A. Summers the sum of three hundred dollars and no more. And the said Samuel A. Summers then and there, and in further pursuance of said corrupt and unlawful agreement, executed to said plaintiff the said promissory note in said declaration described.

And the said Samuel A. Summers then and there, at the behest and instigation of said plaintiff, requested said defendant to sign and become party to said note as security for said Samuel A. Summers. And said defendant then and there, in good faith, innocent and ignorant of said corrupt and unlawful agreement by and between said Samuel A. Summers and said plaintiff,

willing and ready to accommodate said Samuel A. Summers, at the special instance and request of said plaintiff, signed and became party to said note as security for said Samuel A. Summers. And said defendant further avers and says, that at the same time and place, when said corrupt and unlawful agreement was made by and between the said plaintiff and said Samuel A. Summers, said Samuel A. Summers also, as a part of the same transaction, in further pursuance of said corrupt and unlawful agreement, executed and delivered to said plaintiff his certain individual note, for the sum of thirty-six dollars, bearing date November the 25th, 1857, and payable six months after date, the same being for the said interest of twenty-five per cent. aforesaid.

And said defendant avers, that when said note of three hundred dollars in said declaration described became due and payable, to wit: on the 25th day of May, 1858, said Samuel A. Summers and said plaintiff then and there, at said county, further corruptly and unlawfully, and in violation of the interest laws of said State, agreed by and between themselves, that said plaintiff should forbear and give to said Samuel A. Summers further day of payment of said three hundred dollars until November 25th, 1858, and that said Samuel A. Summers should pay said plaintiff for such forbearance and further day, the further sum of thirty-six dollars as interest on said sum for said six months, being at the rate of two per cent. per month for each and every one hundred dollars of said $300.00. And in pursuance of said last mentioned corrupt and unlawful agreement, said plaintiff then and there forebore and gave further day of payment to said Samuel A. Summers for the space of six months, to wit: until November 25th, 1858. And defendant says that said Samuel A. Summers, in pursuance of said last mentioned corrupt and unlawful agreement, the said Samuel A. Summers paid to said plaintiff the further sum of, to wit: thirty-six dollars. And said defendant avers, that said Samuel A. Summers and said plaintiff, subsequent to said last aforementioned corrupt and unlawful agreement at said county, made other and further agreements, in violation of the interest laws of said

State, in substance similar to the other aforesaid corrupt and unlawful agreements, and that all said corrupt and unlawful agreements were made and entered into by and between said Samuel A. Summers and said plaintiff, without the knowledge and consent of said defendant. And said defendant says, that said Samuel A. Summers has paid on said three hundred dollars in said note in said declaration described, a large amount, to wit: the sum of one hundred and fifty dollars, and that he has paid the same to said plaintiff at divers times from the date of said promissory note in said declaration mentioned, until before the commencement of this suit. And this the said defendant is ready to verify; wherefore he prays judgment, etc.

To the first and second pleas a replication was filed in substance, averring that defendant did not make and execute the note as security in writing, and traversed the third plea, tendering an issue to the country.

The defendant demurred to the replications to the first and second pleas, and judgment thereon for him. The issue on the third plea was not disposed of by any action of the court upon it. Judgment in chief on the demurrer to the plaintiff's replications was rendered for the defendant in bar of the action.

The plaintiff brings the case here by writ of error, and assigns for error, sustaining the demurrer to the replications, and rendering judgment for the defendant.

The plaintiff, in support of the errors he has assigned, contends that the demurrer should have been sustained to the first plea, and not to the replication; that a bad replication is good enough for a bad plea. No rule of pleading is better established than this, that a demurrer to any of the subsequent pleadings brings up the sufficiency of the pleadings which precede the demurrer, for the court will not give the party a judgment who was the first to commit an error. 1 Ch. Pl. 707. Thus, a demurrer to a plea will be sustained to the declaration if defective, and if to a replication, it will be sustained to the plea if that be defective, and so on, through the whole field of pleading. Where, however, the general issue has been pleaded and special pleas also, a demurrer to a special plea will

not be carried back to the declaration. *Wear* v. *Jacksonville R. R.*, 24 Ill. 596; *Brawner* v. *Lomax*, 23 id. 496; *Wilson et al.* v. *Myrick*, 26 id. 35.

That the replication in this case was bad, we have no doubt, as it controverts matter not presented in the plea, or in any preceding pleading, and asserts the proposition that a party to a note, cannot prove by parol, that he signed the note as surety only; that it must appear by the note itself, that he signed it as surety.

However conflicting and uncertain the authorities may be on this question, this court has held such proof admissible. *Flynn* v. *Mudd et al.*, 27 Ill. 323 ; and so in *Harris* v. *Brooks*, 21 Pick. 195 ; *Carpenter* v. *King*, 9 Met. 511 ; *Artcher* v. *Douglass, et al.*, 5 Denio, 509 ; *Bank of Stubenville* v. *Leavitt et al.*, 5 Ham. 207. The weight of authority is decidedly in favor of this ruling. 1 Parsons on Notes and Bills, 233. Where the note remains with the original payee, as in this case, he is presumed to know the relation the parties to the note sustain to each other, and accepts the note with that knowledge. Such proof does no violence to the rule, that a written instrument cannot be varied by parol, for it does not affect the terms of the contract, but establishes a collateral fact merely, and rebuts a presumption.

But is the plea good? It avers simply that the defendant notified and requested the plaintiff to proceed forthwith, and collect the note. This defense is allowed by statute, and consequently, must come up to its requirements. The statute provides that the notice to sue shall be in writing. The plea does not aver the notice was in writing, and was therefore bad, and the demurrer might have been carried back to the plea. But this would have effected nothing, as the second plea is good in form and substance and presents a perfect bar to the plaintiff's action.

The plea avers that the fact of suretyship was known to the plaintiff, and without his knowledge and consent, and for a valuable consideration, paid by the principal debtor, the plaintiff extended the time of payment of the note after its

maturity, for the space of six months. The reply to this is, that he did not in writing sign the note as surety. This replication was bad and so adjudged, and no leave being taken to amend the replication or to withdraw it and present another issue, the plea stood as a complete bar to the whole action. The rule is well settled, when the payee of a note gives time or forbearance to the principal debtor, by a promise binding in law, the surety is discharged. By such an agreement, the surety may lose a valuable right, the power to save himself by suit against the debtor. *Warner et al.* v. *Campbell*, 26 Ill. 285, and cases there cited.

Whatever might be the fate of the other pleas or issues, this plea barred the action against this defendant. One good plea in bar being confessed, for that is the effect when it is not replied to or traversed, operates as a complete bar to the action, and the action being barred the plaintiff could not by any possibility get a judgment over and in spite of this bar, whether the other pleas were good or bad.

Where the defendant's plea goes to bar the action, if the plaintiff demurs to it, and the demurrer is determined in favor of the plea, judgment of *nil capiat* shall be entered, notwithstanding there may be also one or more issues of fact; for the reason that upon the whole, it appears the plaintiff had no cause of action. *Lawe* v. *King*, 1 Sanders, 80 (a) Note (1). It is true, a demurrer was not interposed to the second plea, but a defective replication was, which amounts to the same thing, and the demurrer to it tested the validity and sufficiency of the plea. The effect is the same as if an issue of fact had been made upon the plea, and that issue had been found for the defendant, which, if so found, necessarily put an end to the plaintiff's action. It is impossible on this state of the pleadings, that the plaintiff could have judgment. Standing by his defective replication, the court was bound to give judgment in chief. One party cannot have a judgment upon the law and the other party upon the facts of the case. This would be an anomaly in judicial proceedings. The issue on the third plea was disposed of by the judgment in chief on the demurrer to

the replication to the second plea. We can perceive no error in the record, and therefore affirm the judgment.

*Judgment affirmed.*