HENRY P. KNOWLES, Plaintiff, v. SAMUEL CUDDE-
BACK, Defendant, Impleaded with SANFORD N.
HOOPER.

*Lease — when one signing it with lessee may show that he did so as surety only —
when a surety is not bound by a renewal, taken by the lessee by virtue of a clause
in the original lease.*

This action was brought to recover rent due upon a lease dated November 16,
1874, made between " Henry P. Knowles * * * of the first part, and
Sanford N. Hooper * * * and Samuel Cuddeback of the second part,"
by which the party of the first part leased " to the said Sanford N. Hooper,
party of the second part," certain premises therein described, from Novem-
ber 16, 1874, to January 1, 1877. The lease contained a clause by which " the
said party of the second part, jointly and severally, covenant that they will
pay to the party of the first part" an annual rent as therein provided; "the
party of the second part to have the privilege of a renewal of this lease for
three years longer, upon giving the party of the first part, thirty days before
the expiration hereof, notice of his election to renew." On December 28, 1876,
Hooper notified Knowles of his intention to avail himself of the privilege given
him in the lease, to renew it for three years, and Knowles thereupon indorsed
an extension upon the lease.
*Held*, that it was admissible to show by parol evidence that Cuddeback signed
the lease as a surety for Hooper, and that Knowles had notice of this fact.
That Cuddeback was only liable for the rent accruing during the term given
in the original lease, and not for that which might fall due under any renewal
thereof which the said Hooper might elect to take.

Motion for a new trial on exceptions ordered to be heard in
the first instance at the General Term, after a verdict in favor of
the plaintiff.

The action was brought upon a lease to recover rent due there-
under. The plaintiff's right to recover the rent which accrued
prior and up to December 31, 1876, was not disputed. The con-
test made at the trial was in respect to the rent which accrued
after that date.

The lease was " made and executed between Henry P. Knowles,
of Palmyra, Wayne county, N. Y., of the first part, and Sanford
N. Hooper, of the town of Phelps, Ontario county, N. Y., and
Samuel Cuddeback, of the second part, the 16th day of November,
in the year of our Lord 1874."

It provided, among other things, that "the said party of the first part has demised and leased, and does hereby demise and lease to the said Sanford N. Hooper, party of the second part, the following premises, viz.: * * * for and during the term beginning on the 16th day of November, 1874, and ending on the 1st day of January, 1877.

"And the said party of the second part, jointly and severally, covenant that they will pay to the party of the first part, for the use of the said premises the annual rent of $350, to be paid as follows: Said rent to begin December 1, 1874, and the rent for the first four months rent to be paid April 1, 1875, and afterwards quarterly, payable at the Lyons National Bank, Lyons, N. Y. * * * The party of the second part is to have the privilege of a renewal of this lease for three years longer, upon giving the party of the first part, thirty days before the expiration hereof, notice of his election to renew.

"The party of the second part covenants that at the expiration of said term they will surrender up said premises to the party of the first part in as good a condition as now, necessary wear and damage by the elements excepted.

"Witness the hands and seals of the said parties, the day and year first above written.

"H. P. KNOWLES, [L. S.]

"S. N. HOOPER, [L. S.]

"SAMUEL CUDDEBACK." [L. S.]

Hooper December 28, 1876, gave notice in writing to Knowles, the landlord, viz.: "I wish to avail myself of the clause in our lease for the saloon, allowing me to continue or extend it for the three years from January 1, 1877; and I consider this a proper notice for that purpose. Yours truly, S. N. Hooper."

The plaintiff upon its receipt made the following memorandum on the lease: "December 28, 1876, to be continued and extended for three years from January 1, 1877, H. P. Knowles."

January 6, 1877, Cuddeback was informed of the election made by Hooper.

Evidence showing that Cuddeback was simply surety for Hooper was offered and received against the plaintiff's objection and exception. Hooper suffered a default.

At the trial the judge ordered a verdict for the plaintiff against the defendant Cuddeback for the rent in arrear, in the term first named, and refused to order a verdict for the plaintiff for any rent accruing after January 1, 1877. The plaintiff asked to have submitted to the jury the question, " as to whether and at what time Hooper sent to Knowles the notice of renewal, and whether Cuddeback assented to Hooper holding over, and ratified the notice of renewal by Hooper, when he got notice that Hooper had served notice for a continuance of the lease." The court refused and the plaintiff excepted

*S. B. McIntyre*, for the plaintiff.

*J. Welling*, for the defendant Cuddeback.

HARDIN, J. :

It is clear from the terms of the lease that the premises were demised to Hooper.

It is equally clear that Hooper and Cuddeback "jointly and severally covenant to pay to the party of the first part, for the use of said premises, the annual rent of $350," from December 1, 1874, to December 31, 1876.

It was competent to show by the surrounding circumstances and by parol, that the defendant Cuddeback was merely a surety for Hooper, and that such fact was known to the plaintiff, the landlord at the time when he executed the lease. (*Barry* v. *Ransom*, 12 N. Y., 466; *Blossom* v. *Griffin*, 13 id., 569; *Artcher* v. *Douglass*, 5 Denio, 509.)

We proceed, therefore, to the further consideration of the case, with the relation of Cuddeback *as surety* for Hooper, the tenant, established and known to the plaintiff. We have seen the premises were leased to Hooper, and the term was certain, expiring 31st of December, 1876; and Hooper and Cuddeback jointly and severally promised to pay the rent accruing in that time. We come now to inquire what is the legal effect of the further words of the lease, to wit : " the party of the second part is to have the privilege of a renewal of this lease for three years *longer* upon giving the party of the first part *thirty* days before the expiration hereof, notice of his election to renew."

The word "party," as used in this clause, is equivalent to and used to convey the same idea as would have been expressed by the use of the word "Hooper." This is manifest from the relation Knowles, Hooper and Cuddeback held towards each other in respect to the property, its use and occupation, and the promise to pay for the *use*.

Again, at the close of the sentence we find the words "notice of his election to renew." These words clearly contemplate an *election* by Hooper, the tenant. The whole sentence carries out the idea that "the privileges of a renewal" for "three years *longer*" is granted by the landlord to the tenant, upon the condition that "notice of his election to renew" be given by him to the landlord. The landlord gives the tenant the "privilege of a renewal of the lease for three years longer," as we have seen upon condition that thirty days' notice be given of his election to avail himself of the privilege by a "*renewal*." It is, in effect, a stipulation that the tenant has the right to have a new lease drawn and thus be renewed by a fresh execution. (Taylor's Landlord and Tenant, § 332.)

Taylor says, the covenant by the landlord that "he will renew the lease at the expiration of the term for the same or some other period mentioned" is one adding much stability to the lessee's interest, and he adds, "under this covenant the lessor is bound to make another lease either to the lessee or his assignee."

This lease does not contain a continuing guaranty for payment by the surety; it is not so written in words, and we think is not open to a construction binding the surety for a term to be named in a "renewal." (*Rutgers* v. *Hunter*, 6 Johns. Ch., 218.)

The surety did not stipulate or covenant that his liability should continue over a three years longer term if the tenant elected to take and receive a renewal.

The rules which apply to contracts of sureties, and as applicable to collateral covenants, are accurately stated by J. C. SMITH, J., in *Hayden* v. *Crane* (1 Lans., 181), and applying the rules we cannot interpret the lease, so as to charge the surety Cuddeback with the three years longer term, which required the landlord to give and allow the tenant to receive a new and other lease. (See *Liverpool Water Works Co.* v. *Atkinson*, 6 East, 509.) The privilege of

renewal is more like a buyer's option not uncommon in modern transactions, and it is generally understood that, if the option is availed of, a transfer or conveyance must be formally given to effect a consummation of the contract.

The surety did not expressly covenant beyond the first term named in the lease, and we cannot find any words in the lease apt and appropriate to conclude him by the tenant's exercise of his option.

We are referred to *Decker* v. *Gaylord* (8 Hun, 110). We think that case is distinguishable from the one in hand. There the words were, "*this contract* is to be renewed for three consecutive years, if it is fulfilled to the satisfaction of the parties." There the contract was declared to be a continuing one, running with the lease, if the same were renewed by the parties. And it appeared the surety expressly stated he would be held, and waived the making of a new lease.

Not so here, as Cuddeback the *surety* protested that he would not continue his liability, or have anything to do with a new lease. The liability of the surety Cuddeback beyond the 31st of December, 1876, was not established, and therefore the trial judge properly refused to direct a verdict against him for such rent as accrued subsequent to that date, and properly refused to submit the case to the jury in that regard.

We must deny the motion for a new trial, with costs of this motion to the defendant Cuddeback, with liberty to plaintiff to enter judgment on the verdict.

TALCOTT, P. J., and SMITH, J., concurred.

Ordered accordingly.