THOMAS D. TAYLOR *et al.,* Respondents, *v.* RUSSELL C. ROOT
*et al.,* Appellants.

ACTION FOR AN ACCOUNTING. JOINT AND SEVERAL ACTIONS. JUDGMENT.
CODE OF PROCEDURE. COUNTERCLAIM. JUDGMENT AS A CONTRACT.
ERROR.

An action for an accounting may be joint as to several plaintiffs, in the
matter of requiring an account, while it is several as to the judgment
that shall be awarded upon such accounting.

Where, under an agreement between several parties in reference to business
conducted by them, the profits were to be divided into five equal parts,
two of which should belong jointly to certain of said parties, and one of
the remaining three parts was to be paid to each of the other three parties
to such agreement,—in an action by these three parties against the others
for an accounting, it was *held,* that the judgment must, under the
agreement, award to each of the plaintiffs, severally, one-fifth of the ascer-
tained profits; and as a payment to either plaintiff, if made, would defeat
his claim, and still leave to the others a judgment for their respective
shares, so, a set-off or counterclaim against the share of either should
have its several operation in like manner. Hence,

Where, in such action, a counter claim was established against one of the
plaintiffs, the referee erred in refusing to set off the same against that
plaintiff's share of the profits in the judgment awarded, and in rendering
his judgment for the entire three-fifths of the profits as an award to the
plaintiffs jointly.

A judgment is a contract of the highest nature known to the law,—and
actions upon judgment are actions upon contract. The cause or consid-
eration of the judgment is of no importance, it being merged in the
judgment. Hence,

In an action upon a contract, the defendant may, under section 150, subdi-
vision 2, of the Code, set up, as counter claim, a judgment obtained by
him against the plaintiff in an action for a tort. The original cause of
action having disappeared, the judgment remains as a contract between
the parties. If suit were brought upon the judgment, it would be an action
upon a contract, and it is not the less so when set up as a counterclaim.

APPEAL from judgment of the Supreme Court in General
Term for the first district, affirming judgment on the report
of a referee.

*John H. Reynolds,* for the appellants.

This is an appeal by the defendants from a judgment of
the Supreme Court, rendered in the first district, upon the
report of a referee and affirmed at the General Term.

The action was commenced in October, 1861, to compel the defendants to account for all their receipts and disbursements subsequent to the 31st day of July, 1857, growing out of the compilation and publication of a marine register and supplements, under an agreement between the parties, dated January 17, 1857, the substance of which is as follows :

The defendants agreed to print and publish the " Register," and deliver it to subscribers in handsome form, and substantial binding, collect the subscriptions annually, and perform all such other duties as relate to the publication and finances of said Register, and shall account for the same at such times and in such manner as is therein after agreed upon.

The plaintiffs agreed to furnish to the defendants the reports of the inspection of vessels and all other matters for publication in the Register, at their own expense, to be promptly furnished at the terms agreed upon.

The principal question arises under a clause in the agreement, which is as follows :

" It is also fully agreed by said R. C. R. A. & Co. (the defendants) for themselves and by and between each of said parties, that on every 1st of July after and during the publication of such Register, and at which time it is agreed that the annual volume of said Register shall be finished and delivered to subscribers, they shall proceed to collect all annual subscriptions, and within thirty days thereafter, or sooner if such collections shall be made, said R. C. R. & Co. (the defendants) shall render full and complete accounts of all such collections, and all accounts appertaining to the publication of such Register. The said R. C. R. A. & Co. (the defendants) shall then deduct from the proceeds of such sales or subscriptions, the expenses of printing, paper, binding and commissions (if any shall be allowed), and the remainder or net proceeds of the collections from such sales or subscriptions, or from advertising in such Register, shall be divided in five equal parts, two of which shall be retained and become the property of the said R. C. R. A. & Co. (the defendants), and one of the remaining three parts shall be paid by the said R. C. R. A. & Co. (the defendants) in

cash to each of the other parties to this agreement" (the plaintiffs).

It was further agreed that the plaintiffs should furnish monthly statements of inspection of vessels, to the defendants, in time for their publication, in the form of a supplement, on the first day of every month.

The answer in this action averred, that another action was pending in this court between the same parties for the same cause of action.

The answer also contained a set-off or counterclaim, in the sum of $280.18, being the amount of a judgment recovered by the defendant Root, against the plaintiff Hartshorne and assigned to all the defendants, before this action was commenced.

The referee, among other things not now material, found as matter of fact, that when this action was commenced the defendants were the assignees and owners of a judgment, as alleged, of $280.18, against one of the plaintiffs (Hartshorne), also that a previous action between the same parties in the same court, and embracing all the claims in this action, was still pending.

But he held, that defendants were not entitled to set off said judgment, it having been recovered in an action for slander, and that the pendency of said former action was not a bar to this suit. He therefore ordered judgment for the plaintiffs, for the balance of moneys received by defendants under said agreement, subsequent to July 31, 1857. His report was dated May 21, 1862, and judgment thereon entered for $811.42. On appeal to the General Term, this judgment was affirmed.

. It is not claimed by the appellants that the referee committed any material error in stating the account, but that he did err in refusing to allow the judgment recovered by Root against Hartshorne as a set-off or counterclaim, and in deciding that the former action between the same parties was no bar or abatement to the present suit.

I. The judgment for $280.18, in favor of the defendant Root against Hartshorne, should have been allowed as a set-off or counterclaim, with interest.

. 1. The interest of the plaintiffs in the profits of the publication was several, and not joint.

2. The fact that the judgment was obtained in an action for tort does not alter the nature of the judgment. By the Revised Statutes (2 R. S. 354, 355, § 18), as to set-offs, a demand to be set off must be one arising upon judgment, or upon contract.

3. When a defendant can, in a separate action, claim an affirmative judgment against the plaintiff, in respect of the matter set up, a good counterclaim exists. (See 2 Whitt. Pr. 155, 161.)

II. The pendency of the former action was a bar or operated as an abatement to the prosecution of this action.

1. The rights of either party to the original action could not be considered finally terminated until a final judgment should be rendered therein, and the report of the referee shows the former case at the date of the present report was still pending on appeal and undetermined. Although the plaintiffs did not appeal from the judgment in his favor confirming the accounting to July 31, 1857, the defendant did, and if a new trial was granted on that appeal (as was and is the fact), the cause would go back for trial *res nova* upon the original issues embracing the very claim in this action. *Non constat* the very claim recovered in this suit has been recovered in the former action, as the report of the referee gives no account of the former action or its result, save that on the 1st of May, 1862, it was pending on appeal at the General Term.

2. The pending appeal does not give the action the character of a new suit. It still was the original action depending and undetermined. (*Johnson* v. *Yeomans*, 8 How. Pr. 140 ; *Ranney* v. *Stringer*, 4 Bosw. 163.)

3. A pending action is a good defense to a subsequent action for the same cause. (*Groshen* v. *Lyon*, 16 Barb. 461 ; *Burrows* v. *Miller*, 5 How. Pr. 51 ; *Hornfager* v. *Hornfager*, 6 id. 279.)

*J. B. Staples*, for the respondents.

I. The defendants' first exception is, that the referee should have allowed the set-off of the judgment recovered by R. C. Root against Richard T. Hartshorne, individually, and which was a judgment in an action for alleged slanderous words.

This is an attempt to set up a defense growing out of a tort, as a counterclaim, in an action on contract, in which the damages are unliquidated. This was never allowed before the Code nor under the Code. (See 2 R. S. 450, 3d ed. See Code, § 150, subds. 1, 2, which are as follows: " A counterclaim must be one existing in favor of a defendant and against a plaintiff, between whom a several judgment might be had in the action, and arising out of the following causes of action: Subd. 1. ' A cause of action arising out of the contract or transaction set forth in the complaint, as the foundation of the action, or connected with the action.' Subd. 2. ' In an action on contract, any other cause of action arising on contract.' ")

1. This counterclaim, as set up by defendants, is neither a contract, nor does it arise out of the matter set forth in the complaint, nor connected with the subject.

Neither is it a case of mutual credits.

2. A demand against one of several plaintiffs cannot be set up as a counter claim against a joint cause of action in a suit by plaintiffs suing jointly.

3. The agreement set forth in the complaint, is a joint contract in all respects. Every undertaking and obligation on the part of the plaintiffs is joint. The undertaking and obligation to account to all — not to each plaintiff separately.

4. There is no provision in the agreement for more than one accounting, or for rendering accounts to the plaintiffs separately.

5. The clause as to payment to each plaintiff, has no bearing upon the agreement, to make it several; it is simply a provision to show how much each is entitled to, when the joint contract is performed, and after a general accounting

rendered and settled. The question as to the contract being a joint one, or the accounting a joint one, does not depend at all upon the manner of payment, but upon the terms and nature of the contract itself.

6. If it be urged that this is an equitable set-off as against Hartshorne, it is answered that there are also equities between the plaintiffs themselves, and the court cannot say but that these are stronger, nor but that, as between the plaintiffs, the plaintiffs Taylor and King may not be entitled to the whole. The defendants may, under this judgment, seek to stop the payment of what really belongs to Hartshorne, but that must be after proof that Hartshorne is, or was at the commencement of the suit, entitled to this money as between him and plaintiffs; and it must be under some other proceeding than by counter claim or set-off. (Code Reporter, vol. I, p. 40; *Patten* v. *Richards*, 22 Barb. 143; *Levy* v. *Bond*, 1 E. D. Smith, 169; *Gordon* v. *Bowne*, 2 Johns. 150; Montague on Set-off, 18, 19; *Colson* v. *Welsh*, 1 Espinasse Cases, 378; *Sears* v. *Patrick*, 23 Wend. 528.)

7. And it is respectfully submitted to the court that the denial of this claim to set-off, is not ground of reversal of judgment on this appeal. If the set-off can be made under any rule of law or equitable interposition, so as to secure rights otherwise in jeopardy, it may and should be done on special application or motion, when all the equities can be shown and passed upon after the facts are fully presented.

II. As to defendants' second exception, that another action was pending for the same cause of action; the answer to this is, there was no such action pending.

1. The Supreme Court have decided (affirming the referee's decision and finding), at General Term, that at the time of commencement of the former suit, there was no such cause of action existing, as is contained in the present action.

This decision of the court stands upon the record as the judgment of the court, and until reversed, is law which cannot be questioned. (*Gardner* v. *Burkbee*, 3 Cow. 120.)

2. Nothing was claimed in the complaint in this suit, which went into the accounting in the former suit.

There was no merger of the present demand in the former suit; on the contrary, there was a severance.

3. The mere claiming in the complaint, in the former suit, what is claimed in this suit, does not affect the question at all, so long as nothing was claimed or rejected upon the trial of the former suit, which is claimed and allowed in this; what was decided, and allowed, and entered into the judgment on the former suit, is the criterion. The decision of this court, at General Term, makes the separation of the two causes of action final, and *res adjudicata*. (*Butler* v. *Wright*, 2 Wend. 369; see Cow. & Hill's note to Phillips' Ev., 958; *Doty* v. *Brown*, 4 Comst. 75.)

III. The attention of the court is asked to the facts appearing upon the record, that the agreement under which this claim has arisen was made in 1857; that the plaintiffs faithfully and fully performed every obligation on their part; that the book was compiled by them, and published and sold in that year, and every dollar collected by the defendants; that the defendants have persistently refused and resisted the rendering of any account; that the accounts obtained have been obtained only by coercion under the orders of the court — and that the defendants have never had any excuse for not accounting or paying over, except their construction of the contract, that an accounting was not obligatory until 1858.

This money has therefore been confessedly due ever since 31st July, 1858; yet the defendants have avoided paying by persistent and constant litigation; and even an action of slander has been resorted to as one means of discharging the debt. The claim of the plaintiffs rests on the plainest principle of honesty, fairness and justice, and the defendants are bound to pay on every rule of legal, equitable. and moral obligation; yet for ten years this litigation has postponed the payment, and absorbed the original sum in expenses. Even after the decision of the Supreme Court, at General Term, from which they did not appeal, they resisted the payment of the moneys collected after July 31st, 1857, and it is for these moneys that the plaintiffs are now, before this court,

and the judgment for which, the defendants are seeking to reverse, on merely technical pretenses.

WOODRUFF, J. 1. The agreement, set forth in the complaint herein as the foundation of the action, required the defendants to divide the net proceeds of the publication of the New York Register, etc., into five parts. Two of these parts the defendants were to retain to themselves, and one of the remaining three parts they were to pay to each of the plaintiffs.

The plaintiffs were entitled to an accounting; but although they joined in an action to compel the defendants to render an account, they could not thereby change the several nature of their respective claims to payment. When the amount of net proceeds was ascertained or admitted, each plaintiff was entitled to an equal one-fifth part thereof; and a judgment declaring the several amounts due to each plaintiff, from the defendants, would have been legal and appropriate.

Hence, as to either of the plaintiffs, if the defendants had averred and proved payment in full of his share of such proceeds, the defense as to such plaintiff, would have been effectual to prevent a recovery, and yet the other two plaintiffs would have been entitled to judgment for the several amounts of their shares.

For example, suppose the defendants' answer had admitted the liability to account, — admitted the amount of the net proceeds, and the amount of each share of one-fifth, — claimed to retain two shares, — admitted that one share was due to each of certain two of the plaintiffs, — but, as to the other plaintiff, averred that the defendants had paid to him his share in full. This would, as to such last named plaintiff, have been a defense, and if proved, would have prevented his recovery.

The same principle is applicable to a defense in the nature of a set-off or counterclaim under our Code of Procedure.

By section 150, a counterclaim must be one, existing in favor of a defendant and against a plaintiff, between whom a several judgment might be had in the action.

As in the case of payment to one of the plaintiffs of his share in full or in part, the judgment might properly be several in respect of the amounts to be paid to the other two plaintiffs or in respect of a balance, if any, due to the third, so in the case of a counterclaim in favor of the defendants against either of the several plaintiffs.

The plaintiffs' claim is undoubtedly correct, that where the cause of action is strictly joint, and the recovery, if had, is for the joint benefit of the plaintiffs; as for example, where the plaintiffs are partners, asserting the right of the copartnership firm as such to recover, and like cases, — in which it would be wholly incompetent for the defendants to enter into any attempt to state the accounts between the plaintiffs, to ascertain what portion of the recovery would ultimately inure to the benefit of each — the defendants could not set off or counter claim the individual debt of either plaintiff to defeat or reduce a joint recovery; nor here, could the separate or individual debt of either be set up as a set-off or counterclaim to affect the several right of the other plaintiffs to an accounting, or to defeat or diminish their recovery of the several amount of the share due to each of them.

But where, by the contract itself, the fund is divided, and one share, specifically mentioned, is due to each, so that allowing the set-off as to one only, affects the judgment as between him and the defendants, and in no wise affects the recovery, in favor of the others, for the full share due to each, then the claim of the plaintiffs is several within the meaning of the section of the Code referred to, and a set-off or counterclaim is expressly allowed. A judgment declaring their separate or several rights is proper. No accounting between the plaintiffs to settle their respective interest in the proceeds is required, nor could it be allowed to affect the rights of the defendants as against each plaintiff; the plaintiffs' interests are expressly defined and declared in the agreement upon which the action is founded, viz., one-fifth to each.

The question here is, not whether the right to an account is strictly joint, nor whether the defendants could have been subjected to three separate actions to compel an accounting

to each plaintiff. If it be conceded, for the purposes of this appeal, that the plaintiffs could join, as they did, in bringing the action, or conceding, even further, that they must join, it still remains true that the judgment will appropriately award to the plaintiffs severally, each one-fifth part of the proceeds ascertained thereby; and payment to either plaintiff would defeat his claim and leave the others to have judgment awarding to each of them his share; and a set-off or counterclaim would have its several operation in like manner.

2. If, then, the claim of the defendants against the plaintiff, Hartshorne, was one which, within the provisions of the Code, was a proper subject of counterclaim, the referee erred in rejecting it, when he should have allowed it against the one-fifth of the proceeds which the defendants had agreed to pay to Hartshorne.

The claim was a judgment against the plaintiff, Hartshorne, recovered, assigned to and held by the defendants before the commencement of this action.

The Code of Procedure, in declaring what may be allowed as a counterclaim, provides, that a defendant may set up, "in an action on contract, any other *cause of action* arising *also on contract*, and existing at the commencement of the action."

It appears by the case, that the referee rejected the defendants' claim, on the ground that the judgment held by them against Hartshorne, was recovered in an action "founded *not on contract* but *on tort*, being for slanderous words spoken by the said Hartshorne" of and concerning the plaintiff therein.

This was erroneous. The nature of the action wherein the judgment was recovered and the cause thereof were wholly immaterial, and in no manner affected the right of counter claim; the error of the referee either proceeded upon a misapprehension of the meaning of the Code, above cited, or it overlooked the elementary definitions in the law of contracts.

Contracts are of three kinds: simple contracts, contracts by specialty, and contracts of record. A judgment is a contract of the highest nature known to the law. Actions upon judgment are actions on contract. (See Blackstone, Chitty, Addison, Story, Parsons, or any other elementary writer on

contracts.)   The cause or consideration of the judgment is of no possible importance; that is merged in the judgment. When recovered, the judgment stands as a conclusive declaration that the plaintiff therein is entitled to the sum of money recovered.   No matter what may have been the original cause of action, the judgment forever settles the plaintiff's claim and the defendant's assent thereto; this assent may have been reluctant, but in law it is an assent, and the defendant is estopped by the judgment to dissent.   Forever thereafter, any claim on the judgment is setting up a cause of action on contract.   It is strictly an action *ex contractu*, if suit is brought thereon; it is no less *ex contractu* when set up as a counter claim.

For this error of the referee the judgment must be reversed, and a new trial ordered that the counter claim may be allowed.

MASON, GROVER, BACON, MILLER, and DWIGHT, JJ., concurring,

Ordered accordingly.