IRA D. ESMOND AND JAMES B. BAILEY, AS EXECUTORS, AND CORNELIA LOSEE, AS EXECUTRIX, ETC., OF HERVEY LOSEE, APPELLANTS, v. DANIEL A. BULLARD, IMPLEADED, ETC., RESPONDENT.

*Liability of the trustees of a corporation — judgment against the corporation not evidence against its trustees — Word " debts" does not include a liability for a tort.*

An action against a trustee of a manufacturing corporation, to enforce the personal liability created by the act of 1848, must be founded on the original claim against the company, and not upon a judgment recovered against it.

Such judgment is not even *prima facie* evidence of the existence of the debt, as against the trustee.

Section 12 of chapter 40 of 1848 rendering the trustees personally liable, in certain cases, for all debts of the corporation, does not render them liable for torts committed by the corporation.

APPEAL from a judgment in favor of the defendant, entered upon the trial of this action by the court without a jury.

In February, 1864, a boiler owned by the Saratoga Paper Company, having exploded and injured the property of Hervey Losee, he brought an action against the corporation, and D. A. Bullard and Buchanan, two of the trustees, to recover for such injuries. Judgment was rendered in favor of the trustees, but against the corporation, in April, 1867. The corporation filed a report in January, 1865, but never thereafter.

This action was commenced in June, 1875, against the trustees of the Saratoga Paper Company, to enforce payment of such judgment, on the ground that said company neglected to file an annual report of the condition of said company in the Saratoga county clerk's office, within twenty days after the first day of January, 1866, and ever since that time, down to the commencement of this action, has also failed to make out and file any report, as the statute in such case expressly required. The defendants answered separately, and the action was afterwards brought to trial at a Special Term of the court, before Mr. Justice LANDON, who, after hearing the evidence, made a decision in favor of the defendants, dismissing the complaint with costs. After the appeal was taken, the original plaintiff Losee died, and the present plaintiffs were duly appointed

his executors, and were also duly substituted as plaintiffs herein, in his place and stead. The main grounds upon which the judge decided the case in favor of the defendants were : 1. That the judgment in favor of Losee, creating the debt against the corporation, was not sufficient to found a claim upon, in favor of the creditor against the trustees, under the statute in question, but that the action must be founded upon the original claim, and that, in this case, being for damages occasioned by a tort and not arising upon contract, the same did not constitute a debt contracted, as the statute requires. 2. That the claim was barred by the statute of limitations, for the reason that more than three years had expired after the claim arose, and also after the first failure of the trustees, to file a report thereafter, occurred, before the suit was commenced, and that the right to sue the trustees did not revive and continue upon each subsequent and successive neglect of the company to file a report after the first, but was exhausted by a single default, and the statute commenced to run at that time.

*A. Pond*, for the appellant. A claim for damages occasioned by a tort, as in this case, when it becomes liquidated, whether by being voluntarily settled by the company or coercively merged in a judgment, thereby becomes a debt by contract, and its owner a creditor within the express terms of the above-quoted statutory provision. (*Mallory* v. *Leach*, 23 How., 507, 5C9; *McGuire* v. *Gallagher*, 2 Sand. S. C., 402; *N. Y. & N. H. R. R. Co.* v. *Schuyler*, 34 N. Y., 85, 86; *Taylor* v. *Root*, 4 Keyes, 335, 344; *Bathgate* v. *Haskins*, 59 N. Y., 539.) That such language in a statute includes the claim in question, as being within the policy of the statute, has been decided repeatedly in other States. (*Mill Dam Foundry* v. *Hovey*, 21 Pick., 455; *Haynes* v. *Brown*, 36 N. H., 545.) And that a debt created by a judgment is also within the statute in question, has also been decided in this State. (*Andrews* v. *Murray*, 9 Abb., 8; and see *Merchants' Bank* v. *Bliss*, 35 N. Y., 416, 417; also, *Wilson* v. *Suydam*, 64 id., 177.) The liability of a trustee, upon the failure of the corporation to make the annual report called for by the statute, is co-extensive and concurrent with that of the corporation, *quoad*, the debt which was sought to be fixed upon him. (*Whitney Arms Co.* v. *Barlow*, 63

N. Y., 62, 73; *Jones* v. *Barlow*, 62 id., 202.) By each successive default of the company to file a report of its financial condition, as required by the statute, each trustee thereupon became absolutely liable to pay all the debts of the company then existing. (*Jones* v. *Barlow*, 62 N. Y., 202, 206; *Boughton* v. *Otis*, 21 id., 261; *Shaler, etc., Co.* v. *Bliss*, 27 id., 297; *Nimmons* v. *Tappan*, 2 Swee., 652.)

*E. F. Bullard*, for the respondent. This action is barred by the three years' statute because it is penal. (*Merchants' Bank* v. *Bliss*, 35 N. Y., 412.) The statute, being highly penal, must be strictly construed. (*Boughton* v. *Otis*, 21 N. Y., 262.) The plaintiff's judgment for a tort is not a debt within the meaning of this statute. (*Heacock* v. *Sherman*, 14 Wend., 59.) A judgment against the corporation is not evidence against the trustees. (*Miller* v. *White*, 50 N. Y., 137; *Adams* v. *Mills*, 60 id., 533; *Jones* v. *Barlow*, 62 id., 202.)

LEARNED, P. J.:

We think that the decisions of the Court of Appeals have settled the questions presented in favor of the defendant. It is undoubtedly true, as urged by the plaintiff, that a judgment is a contract of the highest kind. (*Taylor* v. *Root*, 4 Keyes, 344.) So if the corporation, in consideration of the alleged damages, had given to the plaintiff's testator a note, that note would have been a contract. But the case of *Miller* v. *White* (50 N. Y., 137), was an action against trustees under this act. At the Circuit the court held the judgment-roll against the corporation conclusive evidence against the trustees. The Court of Appeals reversed the judgment, and the opinion declares that the judgment-roll was not even *prima facie* evidence against them. As the case was sent back for a new trial, and as all the judges concurred, we must understand that this remark was not *obiter*, but was laid down for the guidance of the court below. In *Whitney Arms Co.* v. *Barlow* (63 N. Y., 62), it was again stated: " The facts upon which the debt is founded must be proved. The naked admissions of the corporation, or judgment against the corporation, are not evidence against the testator." Again: " When facts are proved

which would establish the existence of a debt against the corporation, the liability of the trustees follows upon the proof of the other facts," etc.

In the present case the proof is that a boiler, operated by the corporation, exploded in February, 1864, and injured the plaintiff's property; and that the plaintiff afterwards, in April, 1867, recovered a judgment against the corporation for the damages. The plaintiffs then did not prove, in the present action, the amount of their damages, or that the explosion was due to the negligence of the corporation; and if the judgment is not evidence against these trustees, then there was no proof even of a liability on the part of the corporation. But, again, the statute says "that the trustees in certain cases shall be liable for all the debts of the company then existing, and for all that shall be contracted," etc. (Laws, 1848, ch. 40, § 12.) A liability for a tort is not a *debt* under a statute which is to be construed strictly. It is not contracted; for it does not grow out of contract. The cases in other States cited to support the contrary view were actions on contracts. (*Mill Dam* v. *Hovey*, 21 Pick., 455; *Haynes* v. *Brown*, 36 N. H., 545.) The whole object of the statute is to protect persons voluntarily dealing with the corporation and trusting its credit; not to protect those injured by a mere tort.

The judgment should be affirmed, with costs.

Present — LEARNED. P. J., BOARDMAN and WESTBROOK, JJ.

Judgment affirmed, with costs.