## SUPREME COURT.

CHARLES A. CLEGG agt. THE AMERICAN NEWSPAPER UNION, WILLIAM E. CRAMER, ANDREW J. AIKENS, JOHN F. CRAMER and others.

*Joint and several liability — Former common-law rule changed by Code of Civil Procedure, section 1204 — Pleading by answer, a several liability — Demurrer to answer — Counter-claims — Advertising contracts.*

Where in an action for damages alleged to arise from the breach of a written contract to do advertising, a joint liability is charged against numerous defendants, among whom are C., A. and C., copartners, and the latter defendants answer jointly, admitting that they had dealings with and did advertising for plaintiff, but aver that all such dealings were several as to them and not joint with the other defendants, and thereupon such copartners set up counter-claims in their answer, to which counter-claims plaintiff demurs on the ground that all the defendants in this action are sued on a joint liability, that the said counter-claims are alleged in favor of said defendants separately, and that as between the said defendants and the plaintiff a separate judgment in this action cannot be had:

*Held*, that a demurrer to such an answer is ill, and that defendants are entitled to judgment for the amount due under their counter-claims.

*Held*, also, that plaintiff's position would have been well taken under the former common-law rule; but that the Code of Procedure has radically changed the former rule, and that now under the new Code, section 1204, judgment may be given for or against one or more defendants; that the ultimate rights of parties on the same side, as between themselves, may be determined, and a defendant granted any affirmative relief to which he is entitled.

*New York Special Term, November, 1880.*

THIS action is brought by Charles A. Clegg against eleven defendants — five corporations and six natural persons.

Clegg agt. American Newspaper Union.

As to the complaint : The complaint alleges that the defendants, William E. Cramer, Andrew J. Aikens and John F. Cramer, are, and were at the several times therein mentioned, copartners, doing business in the city of Milwaukee and elsewhere under the firm name of Cramer, Aikens & Cramer, and as such were and are proprietors and managers of a list of newspapers called "The Milwaukee Newspaper Union." The complaint then proceeded to declare the making of various agreements at different times between plaintiff and different defendants, as follows :

(1.) On the 3d day of May, 1876, by the last-named defendants, jointly and severally engaged, an agreement with plaintiff to advertise for an indefinite time, for sums and rates which the complainant fails to disclose, and in such papers as plaintiff might designate through defendant Foster.

(2.) Then, after disagreements, disputes, and an alleged admission of a breach, a compromise agreement between plaintiff and defendant Aikens is set forth, relating, first, to a contract for $50,000 (gross) worth of space made with him; second, to a guaranty respecting low rates ; third, providing for additional space conditionally. Other provisions also appear, including one as to contracts involving A. N. Kellogg's lists.

(3.) After something had been done under the former agreements, another agreement is alleged about January 2, 1877, in which defendants Beals, Foster and Rowell are said to become jointly and severally interested with the other defendants, and to guarantee to plaintiff the performance of all the previous contracts of the other defendants.

As to the answer : First. The answer denies the allegations of the complaint except as afterwards specifically admitted or controverted ; such denial, therefore, covers the alleged relations of the parties as described in the complaint. Second. The answer admits that the plaintiff is an advertising agent; that defendants are copartners under the firm name of Cramer, Aikens & Cramer; that they are proprietors of space in the Milwaukee Newspaper Union lists; that they did advertising

for plaintiff, and that plaintiff paid them money. Third. But the answer avers that these defendants, as such copartners and proprietors, and in no other capacity, contracted with plaintiff; and that the work done and money paid were not as alleged in the amended complaint, but as averred in the answer. The agreements, together with the advertising done and payments made under them, are then set forth in detail in the answer, showing large sums due these defendants, for which they demand judgment against plaintiff.

As to the demurrer: The demurrer is put upon the sole ground that the complaint alleges a joint liability in respect to all the defendants, while the counter-claims are pleaded on behalf of the three answering defendants only; and that a separate judgment, between plaintiff and defendants Cramer, Aikens & Cramer, cannot be had.

*S. Hanford* (*Wm. H. O'Dwyer*, attorney), for plaintiff.

I. The counter-claims are inadmissible. (*a*) The liability sued on is joint only, and the rules to be applied are those relating to suits against joint debtors. These rules forbid the allowance. of any such counter-claims as those in question (*Perry* agt. *Chester*, 53 N. Y., 240). The Code has made no change in these rules (*Bridge* agt. *Payson*, 5 *Sandf. Sup. Ct.*, 210; *Mynderse* agt. *Snook*, 1 *Lans.*, 489; *Speyers* agt. *Fish*, 3 *Hun*, 706). (*b*) The language of the Code (*sec.* 501) ought to preclude any question of the untenability of the defendants' position. None of the authorities have construed this section to mean, that in a suit to enforce a joint liability, the plaintiff could be called upon to try one hundred and fifty different causes of actions existing in favor of a portion of the defendants individually. If this construction prevailed, a party suing the association known as Adams Express Company for a breach of contract might be called upon to try. counter-claims set up by every one of the two or three hundred individual shareholders in that parternership association. Such a result would, as in this instance, be tantamount to a dismissal of the complaint. To make the contention of the

defendants appear still more ridiculous it is only necessary to follow it to its legitimate result, and assume that the claims of both the plaintiff and all the defendants are established. What would be the character of the judgment or judgments rendered? The late chief justice CHURCH said, in a similar case: "The action in this case was upon a joint, and not a joint and several liability, and a several judgment in such a case is not proper" (*Perry* agt. *Chester*, *id.*). If the defendants could set up their individual claims to defeat or reduce a joint recovery *à fortiori*, the plaintiff would be entitled to join in his complaint, in the first instance, causes of action joint against all the defendants, with separate causes of action against a portion or all of the defendants individually. (*c*) The true rule to be applied is indicated by the court of appeals in the case of *Taylor* agt. *Root* (4 *Keyes*, 343), where the precise question in controversy here was involved, although the position of the parties relatively to each other was reversed. There the court says: "The plaintiff's claim is undoubtedly correct, that where the cause of action is strictly joint, and the recovery, if had, is for the joint benefit of the plaintiffs; as for example, where the plaintiffs are partners, asserting the right of the copartnership firm, as such, to recover, and like cases — in which it would be wholly incompetent for the defendants to enter into any attempt to state the accounts between the plaintiffs, to ascertain what portion of the recovery would ultimately inure to the benefit of each — the defendants could not set off or counter-claim the individual debt of either plaintiff to defeat or reduce a joint recovery; nor here could the separate or individual debt of either be set up as a set-off or counter-claim to affect the several right of the other plaintiffs to an accounting, or to defeat or diminish their recovery of the several amount of the share due to each of them." To same effect *Perry* agt. *Chester* (*id.* 249). More recently, in *Baldwin* agt. *Briggs* (2 *Abb. N. C.*, 216), the superior court sustained a demurrer to a counter-claim interposed by one of

Clegg agt. American Newspaper Union.

only two joint defendants. See, also, *Hurlbut* agt. *Post* (1 *Bosw.*, 28). (*d*) The only authorities seemingly sanctioning a different rule from that last referred to will be found on examination to be those where, from the nature of the action, a several judgment might be had against each defendant. Of this character are *Barthgate* agt. *Haskin* (59 *N. Y.*, 533). But no one could pretend that in this action the plaintiff could have a several judgment against any one defendant. The case of *Parsons* agt. *Nash* (8 *How.*, 454) has often been treated by both bench and bar as a strong case in support of the doctrine contended for by the defendants. But it really falls far short of being entitled to any such authority (*Mynderse* agt. *Snook, id.; Perry* agt. *Chester, id.*). In *Peabody* agt. *Bloomer* (3 *Abb. Pr.*, at *page* 360) judge WOODRUFF, in the superior court, after referring to *Parsons* agt. *Nash*, held, " that to an action against several joint debtors for a debt due by them as copartners, one of them cannot avail himself, either by way of set-off or counter-claim, of such a defense.

II. The demurrer should be sustained.

*Edward C. Ripley*, attorney for defendant Aikens.

*Joseph S. Auerbach*, attorney for defendants Cramer.

*Chauncey B. Ripley*, of counsel for defendant Aikens, and *John K. Porter*, of counsel for defendants Cramer, in opposition to the demurrer, and in support of the answer, urged the points following:

I. Plaintiff's sole ground of demurrer is " that the counter-claims are not of the character specified in section 501 of the Code of Civil Procedure, in this : That all the defendants in this action are sued on a joint liability ; that the counter-claims are alleged in favor of the said defendant(s) separately, and that as between the said defendant(s) and the plaintiff a separate judgment may not be had in this action." This ground of demurrer is not now tenable, for it is based upon a rule that where the complaint alleges a joint liability against

a number of defendants, there can be no judgment against any number less than the whole, [because all are sued on a joint liability; in other words, that the judgment in such case depends upon the complaint alone. But the new procedure has abrogated that rule, and now judgment may be given for or against one or more defendants sued jointly, whenever the issues raised by the pleadings or the proofs adduced warrant it; that is, if some of the defendants are liable and others not, the plaintiff may have judgment against such as are shown to be liable, and as to those against whom no liability is shown, the complaint will be dismissed, while counter-claims become available in favor of those defendants between whom and the plaintiff a separate judgment is possible. This is not a case where the alleged joint relation is admitted, and where no issue is raised respecting it. On the contrary, the answer controverts it and avers that all the relations between plaintiff and defendants Cramer, Aikens & Cramer were several to the latter, and that all their dealings were had on behalf of their firm alone and as proprietors of the Milwaukee Newspaper Union, and in no other capacity. If this be so, then a separate judgment may be had in this action between plaintiff and these defendants by the express provisions of the Code, and the cases adjudicated thereunder. (1.) As to a separate judgment: "The Code has modified the general common-law rule, that in an action upon an alleged joint contract, the plaintiff must recover against all the defendants or be defeated in the action," so that now, under the new procedure, "judgment may be given for or against one or more plaintiffs, and for or against one or more defendants. It may determine the ultimate rights of the parties on the same side as between themselves; and it may grant to a defendant any affirmative relief to which he is entitled; while the plaintiff is nonsuited as to those who are not liable" (*Code Pro.*, sec. 274; *Code Civ. Pro.*, sec. 1204; *McIntosh* agt. *Ensign*, 28 *N. Y.*, 169). (2.) As to the availability of the counter-claims: The counter-claims become available to

these defendants as a matter of pleading the moment a separate judgment is shown possible under the issues raised. Two sets of issues are uniformly involved when a counter-claim is pleaded in the answer. In such case, no matter what be the form of action, whether legal or equitable, if plaintiff allege a joint obligation as to defendants, any number of them may unite in a separate answer, controvert the allegations of the complaint, aver a several contract between plaintiff and themselves, and as to that set up a counter-claim. That a joint judgment is also possible under plaintiff's theory does not exclude the allowance of the counter-claims as a matter of pleading. Defendants, equally with the plaintiff, are entitled to a trial of the issues raised by their own pleading; the court will determine the ultimate rights of the parties and grant any relief, affirmative or otherwise, which the proofs may justify. In actions alleging a joint liability, and under the sections of the Codes above referred to, the general terms of this court and the court of appeals have held that "the defendant, upon showing that one of several plaintiffs is the sole party in interest, may avail himself of a set-off (counter-claim) in all respects as if the action had been brought in the name of such plaintiff alone; that where several persons are made defendants, as upon a joint contract, and the plaintiff so declares in his complaint, but the proof shows that in point of fact only a portion of the defendants made the contract, the plaintiff can recover against such defendants as in fact were liable. That it does not now depend upon the allegations in the complaint as to the joint liability of all the defendants, but upon the fact whether they are all liable; and if some are liable and others not, the plaintiff may have judgment against such as the evidence showed to be liable."

I. No objection to the counter-claims is specified in the demurrer, except the one already considered; none is, therefore, available on this hearing (*Code Civ. Pro.*, sec. 496).

II. Plaintiff's complaint is defective; and having himself first committed errors in pleading, he cannot prevail on this

Clegg agt. American Newspaper Union.

demurrer, even though the answer were insufficient *per se* (*People* agt. *Booth*, .32 *N. Y.*, 397).

IV. There should be judgment for defendants overruling plaintiff's demurrer with costs.

BEACH, *J.*—The complaint is for damages from breach of a written contract, alleging a joint liability of numerous defendants, among whom are Cramer, Aikens & Cramer, to whose answer the plaintiff demurs. They admit the contract, aver it to be several, not joint, pleading counter-claims existing in their favor against the plaintiff. The demurrer to this answer rests upon the ground that averment of joint liability precludes individual counter-claims. This position would have been well taken under the former common-law rule, where, in an action upon a claimed joint liability of the defendants, the recovery must have been against all or none. The Code of Procedure now provides that judgment may be given for or against one or more defendants, the ultimate rights of parties on the same side, as between themselves may be determined, and a defendant be granted any affirmative relief to which he is entitled (*Code Civ. Pro.*, sec. 1204). The former rule has thus been radically changed. Should it appear on the trial of this action that the defendants Cramer, Aikens & Cramer alone were liable, the plaintiff would be entitled to a judgment against them, while the complaint would be dismissed as to the other defendants. These defendants in their answer deny joint liability with others, averring it to be several, if any exists. They are entitled to a trial of this issue, and if successful should be allowed to urge their counter-claims (*McIntosh* agt. *Ensign*, 28 *N. Y. R.*, 169). The authorities referred to by plaintiff's counsel are those of cases where the actions were founded upon liability conceded to be joint, or with no issue made upon that subject. Such are *Perry* agt. *Chester* (53 *N. Y. R.*, 240), and the part quoted of the opinion in *Taylor* agt. *Root* (4 *Keyes*, 335).

Judgment for the defendants on demurrer, with costs.