Lorge. C. E. Minor, for appellant. S. Keeler, for respondent. No opinion. Judgment and order affirmed, with costs.

BISSELL, Respondent, v. SACKETT WALBOARD CO., Appellant. (Supreme Court, Appellate Division, Fourth Department. May 23, 1906.) Action by Francis W. Bissell against the Sackett Walboard Company.

PER CURIAM. Judgment and order affirmed, with costs.

WILLIAMS, J., not voting.

BLANCK, Respondent, v. PRESTON, Appellant. (Supreme Court, Appellate Division, Second Department. June 27, 1906.) Action by Mary Ann Blanck against Charles M. Preston, as receiver of the New York Building Loan Banking Company. No opinion. Motion granted.

BLANDY et al., Respondents, v. VANDERBILT et al., Appellants. (Supreme Court, Appellate Division, First Department. June 15, 1906.) Action by Graham F. Blandy and others against William K. Vanderbilt and others. W. B. Hornblower, for appellants. A. B. Parker, for respondents. No opinion. Order affirmed, with $10 costs and disbursements. Order filed.

BLOCK, Appellant, v. NEW YORK ELECTRICAL WORKERS' UNION, Respondent. (Supreme Court, Appellate Division, Second Department. June 8, 1906.) Action by Harry Block against the New York Electrical Workers' Union. No opinion. Judgment of the Municipal Court affirmed, with costs.

BLUN, Respondent, v. MAYER et al., Appellants (two cases). (Supreme Court, Appellate Division, First Department. June 25, 1906.) Actions by Ferdinand S. M. Blun against Rebecca Mayer and others. No opinion. Motion denied, with $10 costs. Order filed.

BOARDMAN, Respondent, v. SEXSMITH et al., Appellants. (Supreme Court, Appellate Division, Second Department. July 24, 1906.) Action by Howard G. Boardman against Alfred W. Sexsmith and Chester F. Hauser, etc. No opinion. Judgment of the Municipal Court affirmed, with costs.

In re BOARD OF RAPID TRANSIT RAILROAD COM'RS. (Supreme Court, Appellate Division, Second Department. June 27, 1906.) In the matter of the application of the board of rapid transit railroad commissioners for the city of New York for the appointment of three commissioners, etc., Brooklyn & Manhattan Loop Lines, Brooklyn Sections. No opinion. Motion granted.

BOAZ, Appellant, v. COOLBAUGH, Respondent. (Supreme Court, Appellate Division, First Department. June 15, 1906.) Action by Charles H. Boaz against Frank W. Coolbaugh. A. Thain, for appellant. F. H. Curry, for respondent. No opinion. Judgment affirmed, with costs. Order filed.

In re BOND. (Supreme Court, Appellate Division, Second Department. July 24, 1906.) In the matter of the application of Charles G. Bond for admission to the bar. No opinion. Application granted.

In re BOSTWICK. (Supreme Court, Appellate Division, First Department. June 8, 1906.) In the matter of Walter W. Bostwick. No opinion. Motion denied. Order filed.

BOYER, Respondent, v. BOYER, Appellant. (Supreme Court, Appellate Division, Second Department. October 5, 1906.) Action by Catherine L. Boyer against Frank W. Boyer. No opinion. Judgment of the Municipal Court affirmed by default, with costs.

BRADT v. CLARK. (Supreme Court, Appellate Division, First Department. October 12, 1906.) Action by George S. Bradt against Frank A. Clark. No opinion. Motion granted, with $10 costs. Order filed.

BRECHTLEIN, Respondent, v. GREENWOOD CEMETERY, Appellant. (Supreme Court, Appellate Division, Second Department. June 8, 1906.) Action by Mary Brechtlein against the Greenwood Cemetery. No opinion. Judgment and order affirmed, with costs.

BREVOORT REAL ESTATE CO. v. KINGSTON et al. (Supreme Court, Appellate Division, First Department. June 20, 1906.) Action by the Brevoort Real Estate Company against John Kingston and others. C. H. Stoddard, for appellants Nobel and others. F. M. Avery, for respondent Claffy. No opinion. Order affirmed, with $10 costs and disbursements.

In re BROOKS. (Supreme Court, Appellate Division, First Department. June 8, 1906.) In the matter of Susan R. Brooks. No opinion. Motion denied. Order filed.

BROOKS v. INTERNATIONAL RY. CO. (Supreme Court, Appellate Division, Fourth Department. June 1, 1906.) Action by James F. Brooks, as, etc., against the International Railway Company.

PER CURIAM. Motion for reargument denied, with $10 costs.

NASH, J., not sitting.

In re BROWN. (Supreme Court, Appellate Division, Second Department. September 28, 1906.) In the matter of the application of Nathaniel M. Brown for admission to the bar. No opinion. We are of the opinion that the applicant should be in good standing in the foreign jurisdiction to be received as an attorney and counselor in this state by comity without examination. This is within the spirit, if not within the strict letter, of the rule of the Court of Appeals.

BROWN, Appellant, v. BRONSON et al., Respondents. (Supreme Court, Appellate Division, First Department. July 12, 1906.) Ac-

tion by Catherine J. Brown, individually, etc., against Sara G. Bronson and others. J. A. Straley, for appellant. F. B. Candler, for respondents. No opinion. Judgment affirmed, with costs, on the authority of Brown v. Bronson, 93 App. Div. 312, 87 N. Y. Supp. 872. Order filed.

(115 App. Div. 884) ====

BROWN, Respondent, v. ENGLISH et al., Appellants. (Supreme Court, Appellate Division, Second Department. October 17, 1906.) Appeal from Special Term, Nassau County. Action by Charles B. Brown against Paul A. English and others. Appeal by defendants from an order denying a motion to vacate and set aside a levy made under a warrant of attachment issued in the action, and to vacate the attachment itself. Affirmed. Mr. Shoemaker, for appellants. Henry J. McCormick, for respondent.

PER CURIAM. Order affirmed, with $10 costs and disbursements.

HOOKER, J. (dissenting). The motion was made upon affidavits read by the plaintiff, the warrant of attachment and affidavits upon which it was granted, and the return of the sheriff, by which latter it appears that he had attached a certain judgment against this plaintiff and in favor of the defendants, docketed and entered in the clerk's office of Nassau county, for $16,298.74, damages and costs. This action was brought to recover the sum of $52,-750 for breach of contract. The judgment in the prior action, in favor of these defendants and against this plaintiff, was recovered in an action also for breach of contract. The affidavit of the plaintiff, upon which the attachment herein is based, states that he is entitled to recover in this action the sum of $52,750, over and above all counterclaims known to him. The appellants' principal contention is that the judgment of $16,298.74, which had been recovered against this plaintiff by these defendants prior to the commencement of this action, is a proper subject of counterclaim, and hence the plaintiff may not truthfully aver in his application for an attachment that the claim he sets up in the complaint is over and above all counterclaims known to him. Code Civ. Proc. § 636. The denial of the motion at Special Term was based upon the ground that the judgment in defendants' favor against the plaintiff may be used by them in this action by way of set-off but not as a counterclaim, and hence the statement in plaintiff's affidavit in support of the attachment, that the amount he claimed was over and above all counterclaims known to him, was the fact, and the court had jurisdiction to grant the attachment. The levy on the judgment against the plaintiff by the sheriff, therefore, was valid. I do not agree with the conclusion reached by the learned Special Term that the judgment against the plaintiff is not a counterclaim, as that term is used in section 636 of the Code of Civil Procedure. We may have recourse to the Code itself for a statement of what a counterclaim is. Section 500 of the Code provides that the answer of the defendant must "contain * * * (2) A statement of any new matter constituting a defense or counterclaim, in ordinary and concise language without repetition"; and the subject of the following section (501) is stated to be "Counterclaim Defined." That section, so far as material, reads: "The counterclaim, specified in the last section, must tend, in some way, to diminish or defeat the plaintiff's recovery, and must be one of the following causes of action against the plaintiff, * * * (2) In an action on contract, any other cause of action on contract, existing at the commencement of the action." It is apparent, in the first place, from the nature of things, that the establishment of this judgment of $16,298.74 against the plaintiff will at least diminish, and perhaps entirely defeat, the plaintiff's recovery in this case. In the second place, the judgment in defendants' favor is a cause of action on contract, existing at the commencement of the action. It is established by the papers, and uncontroverted, that the judgment in defendants' favor was perfected before the commencemnt of the present action. Judgments are contracts of record. "Contracts are of three kinds: simple contracts, contracts by specialty, and contracts of record. A judgment is a contract of the highest nature known to the law. Actions upon judgment are actions on contract." Taylor v. Root, *43 N. Y. 335, 344. The fact that section 1913 of the Code of Civil Procedure provides that an action upon a judgment for a sum of money, rendered in a court of record, cannot be maintained between the original parties to the judgment unless 10 years have elapsed since the docketing of the judgment, or it was rendered by default, where the summons was served otherwise than personally, or the court grants leave to bring action, does not deprive the judgment of the cardinal attribute that it possesses, that it is a cause of action upon a contract "of the highest nature known to the law." One of the effects of section 1913 of the Code is to prevent an owner from bringing an action upon the cause of action that he has in his judgment until 10 years have elapsed, or unless the court grants leave; but nothing is to be found in that section or elsewhere to prevent the owner of a judgment from asserting his cause of action by way of counterclaim. Badlam v. Springsteen, 41 Hun, 160. Of course, the word "counterclaim," as it is used in section 636 of the Code, which requires the plaintiff to establish to the satisfaction of the judge granting the warrant of attachment that the plaintiff is entitled to recover over and above all counterclaims known to him, has the same meaning as attaches to the word when it is used in section 500 of the Code; and section 501 having defined the term as used in section 500, there is no difficulty in construing its meaning as used in section 636. My conclusion is that the judgment the defendants had recovered against the plaintiff may be used as a counterclaim to the cause of action set forth in the complaint in this action, and that the statement in the plaintiff's affidavit, read in support of the attachment, that he is entitled to recover the sum of $52,750 over and above all counterclaims, is not the fact. The warrant of attachment commanded the sheriff